**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV 12 3578

-----------------------------------------------------------------X   Case No.

GINA BEECHAY, on behalf of herself individually
and all others similarly situated

                                Plaintiff,

BIANCO, J.

**CLASS ACTION**
**COMPLAINT**

        -against-

**SUMMONS ISSUED**
**BOYLE. M.J.**

FULTON FRIEDMAN & GULLACE, LLP.,
                                Defendant.
-----------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

### INTRODUCTION

        1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law ("NYGBL") §349 regarding defendant's deceptive acts and practices.

### PARTIES

        2.     Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

—1—

3.      That defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a domestic limited liability partnership. Defendant uses the mail, the telephone and litigation to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5.      That plaintiff re-alleges paragraphs 1-4 as if fully re-stated herein.

6.      That plaintiff is alleged to owe a debt incurred for personal purposes to Bally Total Fitness.

7.      That at some subsequent point in time the debt is alleged to have gone into default.

8.      That by letter dated November 14, 2011, defendant wrote to plaintiff in an attempt to collect the debt. That a copy of the letter is attached as Exhibit 1.

9.      That said letter states, in pertinent part:

"Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt. Note that if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit."

## AS AND FOR A FIRST CAUSE OF ACTION

10. That plaintiff re-alleges paragraphs 1-9 as if fully re-stated herein.

11. That the language in defendant's letter that if a lawsuit is commenced the Court may assess additional charges for the court costs and other expenses of the suit is improper.

12. That said language recites various negative actions which "may" be taken against plaintiff if plaintiff does not pay the debt voluntarily, but said letter fails to state that defendant must first successfully conclude a lawsuit against plaintiff.

13. That the letter fails to state that such actions may be taken against plaintiff only upon defendant's client obtaining a court judgment against plaintiff.

14. That defendant's said failure to disclose that court costs and other litigation expenses may be assessed against plaintiff only after obtaining a judgment against plaintiff in a lawsuit constitutes a deceptive or a misleading representation used to collect or attempt to collect a debt, in violation of the FDCPA, including but not limited to §§1692e and 1692e(10).

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL §349

15. That plaintiff re-alleges paragraphs 1 to 14 as if fully re-stated herein.

16. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

17. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant contacts thousands of consumers within New York State each year by mail.

18. That defendant's letter dated November 14, 2011 to plaintiff is typical of the letters defendant mails to consumers within New York.

19. That, further, defendant has a pattern of mailing collection letters to thousands of consumers within New York State each year which contain improper language that once a lawsuit is commenced the Court may assess additional charges for court costs and other expenses before and without a judgment in favor of the creditor.

20. That plaintiff is a reasonable consumer within the meaning of the NYGBL.

21. That plaintiff suffered confusion and bewilderment upon receiving the collection letter from defendant

22. That defendant violated NYGBL §349(a) and is liable to plaintiff under NYGBL §349(h).

## CLASS ALLEGATIONS

23. That plaintiff re-alleges paragraphs 1-22 as if fully re-stated herein.

24. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the United States within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter sent to plaintiff dated November 14, 2011; (b) the collection letter sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e and 1692e(10). The class does not include defendant or persons who are officers, directors, employees or associates of defendant.

25. The class shall be defined as follows:

*All natural persons to whom defendant sent a collection letter regarding a consumer debt at an address within the United States, which letter contains a statement, in sum or substance that, if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit, without also stating that a judgment in favor of defendant's client would first have to be obtained.*

26. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by falsely representing that the Court may assess additional charges for court costs and other litigation expenses before and without a judgment in favor of its clients, in violation of the FDCPA, §§1692e and 1692e(10).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)  Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

27. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

30. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

- (a) certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;
- (b) enjoining defendant from further improper contact with plaintiff pursuant to NYGBL §349.
- (c) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;
- (d) statutory damages pursuant to NYGBL §349 in an amount to be determined at time of trial;
- (e) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;
- (f) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and
- (g) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      July 18, 2012.

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1

# FULTON FRIEDMAN & GULLACE, LLP

COLLECTIONS, CONSULTING & LITIGATION

LICENSED IN ARIZONA, CALIFORNIA, DISTRICT OF COLUMBIA, MARYLAND, MICHIGAN, NEW YORK, PENNSYLVANIA, TENNESSEE & TEXAS

NYC DEPARTMENT OF CONSUMER AFFAIRS LICENSES:
1328139, 1394439, 1344745 & 1344741

NEW YORK
28 E. MAIN STREET, SUITE 500
ROCHESTER, NEW YORK 14614
800-869-2331

DIRECT ALL INQUIRES TO TOM MCCARTHY,
NON-ATTORNEY COLLECTION MANAGER

November 14, 2011

GINA M BEECHAY

NY 11557

Re: CREDITOR: INDEPENDENCE RECEIVABLES CORP. (assignee of Bally Total Fitness)
TOTAL DUE: $▮▮▮   FILE NO: 111013

Your unpaid account referred to above has been referred to our office for collection. Disregard of this notice may result in the commencement of legal proceedings against you for collection of this debt. Note that if a lawsuit is commenced, the Court may assess additional charges for the court costs and other expenses of the lawsuit.

**At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very truly yours,


Fulton, Friedman & Gullace, LLP



FFG#: 111013


**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**